UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEMERIUS M. SHAW,

Plaintiff,

v.                                                    CAUSE NO. 3:22-CV-57-JD-MGG

RON NEAL, et al.,

Defendants.

<u>OPINION AND ORDER</u>

Demerius M. Shaw, a prisoner without a lawyer, filed an amended complaint.

ECF 12. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation

marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must

review the merits of a prisoner complaint and dismiss it if the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief.

On December 29, 2019, Shaw was charged with a conduct violation and was

placed in segregation. On January 30, 2020, he was found not guilty of the alleged

violation. Shaw represents that, under the prison's policy, he should have been returned

to general population within 72 hours of being found not guilty.[1] Shaw was not

---

[1] As previously explained (ECF 11 at 1), a violation of the prison's own policy does not give rise to a
constitutional claim. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983

released to general population within that timeframe. He was held in segregation until May 13, 2020. He has sued John Snyder, Mark Newkirk, Dawn Buss, and Ron Neal. He claims his constitutional rights were violated by continuing to hold him in segregation following the finding that he was not guilty of the conduct violation. While in segregation, he had limited human contact. Showers and recreation happened at unusual times, and he was not permitted to shower immediately after recreation. His food was served cold. He had limited access to personal property. There were mice and birds in the unit, and some walls in the unit had bird feces on them. He further asserts that there was lead paint in the area where he was housed.

The Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1. That said, due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit has "concluded that inmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes." *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008) (citing *Lekas v. Briley*, 405 F.3d 602, 608–09 & 608 n.4 (7th Cir. 2005) ("[R]eassignment from the general population to discretionary segregation does not constitute a deprivation of a liberty interest.")); *see also DeTomaso v. McGinnis*, 970 F.2d

protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments."); *Healy v. Wisconsin*, 65 Fed. Appx. 567, 568 (7th Cir. 2003) ("[I]nmates do not have a protected liberty interest in a particular security classification.") (citing *Sandin*, 515 U.S. at 486).

Although later cases have questioned the conclusion that placement in nonpunitive segregation can "*never* implicate a liberty interest," *see Williams v. Brown*, 849 Fed. Appx. 154, 157, n.3 (7th Cir. 2021) (emphasis added), timing plays a part in the analysis, even when conditions are significantly harsher. *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697-98 & nn.2–3 (7th Cir. 2009) (collecting cases that held segregation of two to ninety days does not trigger due process concerns and stating, "In a number of other cases, we have explained that a liberty interest may arise if the length of segregated confinement is substantial *and* the record reveals that the conditions of confinement are unusually harsh.") (emphasis added); *Lekas*, 405 F.3d at 612 (finding that up to ninety days in segregation does not affect liberty); *see also Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (recognizing "duration" is a component that plays a part in determining whether a liberty interest exists).

Here, Shaw indicates he was placed in segregation on December 29, 2019, that he should have been released within 72 hours after he was found not guilty on January 30, 2020, and that he was not released until May 12, 2020 - approximately three and a half months after he should have been released. Not only is the length of his period in segregation relatively insubstantial per relevant case law, *see e.g. Marion*, 559 F.3d at 697-98 & nn.2–3, but Shaw also has not plausibly alleged the conditions of segregation

during this time were an atypical and significant hardship on him. *Sandin*, 515 U.S. at 484. He alleges he had limited human contact, but that is true of all inmates in segregation. He complains that showers and recreation happened at unusual times, he was not permitted to shower immediately after recreation, his food was served cold, and he had limited access to personal property. These do not amount to an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Townsend*, 522 F.3d at 772 (finding inmate's contentions about his temporary, fifty-nine-day placement in administrative segregation in a double-bunked, wet, dirty cell with limited human contact did not create due process concerns). He also alleges that there were mice and birds in the unit, some walls in the unit had feces on them, and lead paint was present. However, he does not tie any of those allegations to his own personal experiences, provide details as to his specific cell, or assert that he sustained any specific injury because of these conditions. *See also Smith v. Dart,* 803 F.3d 304, 312 (7th Cir. 2015) (inmate failed to state a claim when he alleged the jail was infested with mice and cockroaches but did not provide sufficient details which "left [the court] in the dark as to how extensive the infestations are and how the pests affect him"). Thus, Shaw has not stated a Fourteenth Amendment due process claim.

Additionally, he has not pled any facts explaining how each defendant he is suing was personally involved in causing him to remain in segregation. He has sued Warden Neal for failing to properly train his staff to provide proper placement, but he cannot proceed on a failure to train claim. In the context of the Eighth Amendment, a failure to train claim can only be maintained against a municipality. *Sanville v.*

*McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) *citing Farmer v. Brennan*, 511 U.S. 825, 841 (1994). Moreover, there is no general respondeat superior liability under 42 U.S.C. § 1983, and the defendants cannot be held liable simply because they employed or supervised an alleged wrongdoer. *See Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). Shaw alleges that each defendant was on notice that he was being housed in administrative segregation for no legal reason, but he does not describe when or how they were notified of his situation or provide any further details about these communications.

This amended complaint, like Shaw's original complaint, does not state a claim for which relief can be granted. At this juncture, it appears unlikely Shaw will be able to state a claim. Nonetheless, in the interests of justice, Shaw will be given one more opportunity to amend his complaint if, after reading this court's order, he believes he can state a claim based on (and consistent with) the events described in the amended complaint. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, Shaw needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Demerius M. Shaw until **September 9, 2022**, to file a second amended complaint; and

(2) CAUTIONS Demerius M. Shaw that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the amended complaint (ECF 12) does not state a claim for which relief can be granted.

SO ORDERED on August 10, 2022

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT